IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN SPRENGER,<br><br>        Plaintiff,<br><br>    v.<br><br>CALISTOGA MINERAL WATER COMPANY,<br>INC., et al.,<br><br>        Defendants.<br>_____/ | No. 10-03661 CW<br><br>ORDER GRANTING<br>PLAINTIFF'S<br>MOTION TO REMAND<br>AND DENYING<br>REQUEST FOR<br>ATTORNEYS' FEES<br>(Docket No. 7) |

    Plaintiff Marilyn Sprenger moves to remand this action to state court and seeks to recover attorneys' fees incurred in filing the motion.  Defendants Calistoga Mineral Water Company, Inc. (CMW), Nestle Waters of North America (NWNA) and Calistoga Beverage Company (CBC) oppose the motion.[1]  Plaintiff has not filed a reply.  The hearing set for October 28, 2010 was vacated and the motion was taken under submission on the papers.  Having considered all of the papers filed by the parties, the Court grants Plaintiff's motion to remand and denies her request for attorneys' fees.

---

    [1] Defendants Elwood Sprenger and the City of Calistoga do not oppose the motion.

BACKGROUND

The following facts are taken from Plaintiff's complaint.  In 1978, Plaintiff and Defendant Elwood Sprenger owned CMW, which operated at 1477 Lincoln Avenue, Calistoga, California.  The Lincoln Avenue property included a geothermal mineral water well, a bottling plant and a warehouse.  In 1978, Plaintiff and Elwood Sprenger divorced and Plaintiff become the sole owner of the Lincoln Avenue property.  Elwood Sprenger became the sole owner of CMW.

On August 1, 1979, Plaintiff and Elwood Sprenger entered into a Lease Agreement, pursuant to which Elwood Sprenger would lease half the Lincoln Avenue Property for a term of thirty years, ending on July 31, 2009.  Under the Lease Agreement, the Lincoln Avenue property was to be used only for producing, bottling and distributing mineral water.  The Lease Agreement provided that, if the lessee breached the terms of the Lease Agreement, the lessee would be obliged to assign to Plaintiff "the 'Calistoga Mineral Water' trademark, or any successor trademark including the name 'Calistoga'. . . ."  Pl.'s Ex. A, Lease Agreement ¶ 15(a).

In 1979, Defendant City of Calistoga zoned the area surrounding the Lincoln Avenue property for downtown commercial uses, and the bottling operation became a non-conforming use.  The bottling operation was allowed to continue as a pre-existing non-conforming use.

In 1980, Elwood Sprenger sold CMW to Great Water of France.  Through a series of mergers and re-alignments, CMW then became a

2

division of Defendant NWNA.[2]

In 1990, CMW and NWNA ceased operations at the Lincoln Avenue property and, in 2002, the bottling plant was demolished. CMW and NWNA continued to pay rent under the Lease Agreement until its expiration date of July 31, 2009.

In August, 2009, Plaintiff learned that when CMW and NWNA ended operations at the Lincoln Avenue property in 1990, the right to continue using the property for non-conforming uses ceased. At that point, resuming a bottling operation at the Lincoln Avenue Property would violate the City's zoning ordinances.

On August 6, 2010, Plaintiff sued Defendants in the superior court of Napa County, California, alleging fifteen causes of action. Claims one through nine are state law claims against Elwood Sprenger and CMW, including breach of contract, conspiracy and negligence. Claim ten asks CMW to assign the "Calistoga Mineral Water" trademark to Plaintiff and states:

> Defendant's failure to return the premises in the same condition as received violated lease paragraphs 5.1, 5.2, 6.2, 6.3, and 16.7. Paragraph 15 of said lease provides that an assignment to Lessor of the "Calistoga Mineral Water" trademark or any successor trademark including the name "Calistoga" shall be processed in the event of Lessee's default. . . . Plaintiff requests that Defendant CMW transfer said trademark to Plaintiff and comply with lease paragraph 15(b).

Pl.'s Comp., ¶¶ 78, 79, and 81.

Claim eleven re-alleges claims one through ten against NWNA, as successor in interest to CMW; claim twelve re-alleges claims one

---

[2] The Court grants Defendants' request for judicial notice that NWNA's mark "Calistoga" is registered with the United States Patent and Trademark Office.

through ten again CBC, as another name for CMW. Claims thirteen though fifteen are against the City for tortious interference with a contract, conspiracy and the taking of Plaintiff's vested property rights in violation of the Fifth Amendment.

On August 19, 2010, Defendants NWNA, CMW and CBC filed a notice of removal asserting that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 because the tenth cause of action arises under and involves a substantial question of federal trademark law. Removing Defendants also asserted that Plaintiff's ninth cause of action for conspiracy is actually an unfair competition claim and, in conjunction with the a trademark claim, the Court has original jurisdiction over it under section 1338. Elwood Sprenger and the City did not join in the removal. On September 9, 2010, Plaintiff filed this motion to remand.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court if the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441. However, if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute is strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (internal citation omitted).

4

Federal courts have original jurisdiction over claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. § 1331. District courts have original, though not exclusive, jurisdiction over any case arising under federal trademark law. 28 U.S.C. § 1338(a). District courts also have original, though not exclusive, jurisdiction over claims arising under the Lanham Act. 15 U.S.C. § 1121(a). Because 28 U.S.C. § 1338 and 15 U.S.C. § 1121 both contain the same "arising under" language that appears in section 1331, the principles of section 1331 are applicable to section 1338 and section 1121. Duncan v. Stuetzle, 76 F.3d 1480, 1485-86 (9th Cir. 1996).

Jurisdiction under section 1338(a) extends to those cases in which a well-pleaded complaint establishes either that federal trademark law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal trademark law. Id. at 1486.

Federal question jurisdiction is determined by examining the face of the plaintiff's well-pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal question jurisdiction is easily found where a plaintiff pleads a cause of action created by federal law. Merrell Dow Pharms. v. Thompson, 478 U.S. 804, 808 (1986). A federal defense, however, is not part of a cause of action. Caterpillar Inc., 482 U.S. at 392 (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). A case, therefore, may not be removed to federal court based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the

5

only question truly at issue in the case." <u>Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 14 (1983).

Where a plaintiff only asserts causes of action under state law, an action may nonetheless be deemed to arise under federal law if substantial questions of federal law are implicated. <u>Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 314 (2005). In such cases, the defendant must show that resolution of a substantial question of federal trademark law is essential to at least one of the plaintiff's claims. <u>Duncan</u>, 76 F.3d at 1486. However, a substantial question of federal law will only support jurisdiction in a special and small category of cases. <u>Empire Healthchoice Assurance, Inc. v. McVeigh</u>, 547 U.S. 677, 699 (2006).

## DISCUSSION

I. Arising Under Federal Law

Defendants first argue that, because the assignment of a federally-registered trademark is governed by 15 U.S.C. § 1060 of the Lanham Act, Plaintiff's tenth cause of action arises under federal law. Section 1060 states, "A registered mark or a mark for which an application to register has been filed shall be assignable with the good will of the business in which the mark is used." Thus, pursuant to section 1060, a trademark can only be assigned if the business connected to that trademark is also assigned. <u>Mister Donut of Am., Inc. v. Mr. Donut, Inc.</u>, 418 F.2d 838, 842 (9th Cir. 1969). Defendants argue that, in order to compel the assignment of the "Calistoga" trademark, a court must decide whether the lease's assignment provision complies with section 1060 by requiring both

6

the assignment of the "Calistoga" trademark and the assignment of Defendants' business.

Plaintiff argues that her tenth cause of action merely seeks a remedy allowed under the contract and, therefore, is a contract claim. The tenth cause of action is not based on federal trademark law. The tenth cause of action does not cite, or even mention, federal trademark law. Indeed, there are no federal statutes, rules, regulations or cases cited at any point in the complaint.[3] The face of the complaint, therefore, does not state a claim arising under federal trademark law. Instead, Plaintiff's tenth cause of action is more properly characterized as a prayer for relief because it requests the relief to which the parties agreed for a breach of the Lease Agreement, the assignment of the "Calistoga" trademark.

Plaintiff's right to this remedy depends on whether Defendants breached the lease. Therefore, Defendants can challenge the tenth cause of action in two ways: they can argue that they did not breach the lease, or they can argue that the assignment provision is unenforceable because it does not also provide for the assignment of Defendants' business as required under section 1060. Thus, section 1060 provides a defense that could prevent the assignment even if the trier of fact finds that Defendants breached the Lease Agreement. A federal defense, however, is not part of a plaintiff's well-plead complaint and cannot be the basis for

---

[3] Plaintiff cites the Fifth Amendment in her takings claim against the City. However, the City did not join in the removal action nor have the moving Defendants based their argument on the takings claim.

7

removal. Franchise Tax Bd. of Cal., 463 U.S. at 14.

Thus, Defendants have failed to show that Plaintiff's complaint contains a cause of action arising under federal law.

II.  Substantial Question of Federal Law

In the alternative, Defendants argue that, even if the Court finds that the tenth cause of action is not created by federal law, jurisdiction is still proper because it necessarily implicates a substantial question of federal trademark law.  In support of this argument, Defendants rely on Grable, 545 U.S. at 314, where the Court stated that state law claims can confer federal question jurisdiction if the claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."

In Grable, the Internal Revenue Service (IRS) seized Grable's real property to satisfy a federal tax delinquency.  Id. at 310. Grable subsequently brought a quiet title action in state court, claiming that he received ineffective notice under the federal tax law.  Id. at 311.  The defendant removed the case claiming that federal question jurisdiction existed because the quiet title claim depended on an interpretation of federal tax law.  Id.  The Court found federal jurisdiction because the tax statute's meaning was "an essential element of [the plaintiff's] quiet title claim, and the meaning of the federal statute is actually in dispute."  Id. at 315.

This case is distinguishable from Grable.  In Grable, the plaintiff's cause of action relied upon the defendant's violation

8

1  of federal law; here, as discussed above, it is only Defendants'
2  defense that relies on federal law.
3      Defendants argue that the validity of the assignment provision
4  under section 1060 is a question of federal law that Congress
5  intended the federal courts to address.  Defendants reason that 28
6  U.S.C. § 1338, which expressly authorizes federal courts to hear
7  cases involving federal trademark law, reflects a strong federal
8  interest in the uniform interpretation of the Lanham Act.
9  According to Defendants, allowing a state court to apply section
10 1060 to the Lease Agreement could adversely impact the purpose of
11 the section, which protects consumers from being misled by a
12 product bearing a particular mark.
13     However, federal courts have explicitly been denied exclusive
14 jurisdiction over trademark questions; instead, questions of
15 trademark law may be brought in state or federal court.  In re
16 Circular Thermostat, 2005 WL 2043022, *7 (N.D. Cal.).  The same is
17 true for claims arising under 15 U.S.C. § 1121, which gives
18 district courts original, but not exclusive, jurisdiction over
19 cases arising under the Lanham Act.  Scientific Tech., Inc. v.
20 Stanford Telecomm., Inc., 1988 WL 1091939 (N.D. Cal.).  Thus,
21 Congress has explicitly allowed state courts to address such
22 issues.  Allowing a state court to interpret section 1060 would not
23 undermine the purpose of federal trademark law.
24     Defendants rely on other cases that are also distinguishable.
25 In Sparta Surgical Corp. v. NASD, 159 F.3d 1209, 1211 (9th Cir.
26 1998), the court held that state common law claims alleging that
27 the National Association of Securities Dealers (NASD) violated

rules promulgated under the Securities Exchange Act of 1934 raised a federal issue because district courts have exclusive jurisdiction over violations of the Securities Exchange Act of 1934 and any rules and regulations thereunder. <u>Sparta</u>, 159 F.3d at 1211. In <u>Sparta</u>, the complaint made direct reference to the NASD rules and, thus, the existence of a federal issue was apparent from the face of the complaint. <u>Id.</u> Here, the complaint does not refer to federal law and, most importantly, in contrast to the Securities Exchange Act of 1934, district courts do not exercise exclusive jurisdiction over trademark claims.

Defendants' remaining cases are inapposite. Removal was proper in <u>Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831, 840-41 (9th Cir. 2003), because the plaintiffs' unfair competition claims actually constituted an attempt to enforce federal tariffs, a subject matter committed exclusively to federal district courts under 16 U.S.C. § 825. In <u>Broder v. Cablevision Sys. Corp.</u>, 418 F.3d 187, 195-96 (2d Cir. 2002), removal was proper because the plaintiff alleged that the defendants violated federal law and that by violating federal law the defendants breached a contract with the plaintiff. In contrast to this case, the federal issue in <u>Broder</u> was apparent from the face of the complaint and the breach of contract claim itself relied upon the violation of federal law.

Thus, Defendants have failed to show that this claim fits within the special and small category of state law claims where jurisdiction rests on a substantial question of federal law.

III. The Ninth Cause of Action

Finally, Defendants argue that the Court has original

10

jurisdiction over Plaintiff's ninth cause of action against CMW and the City for conspiracy. In the ninth cause of action, Plaintiff claims that the City allowed CMW to open a new bottling plant in Calistoga only after CMW agreed to shut down operations on the Lincoln Avenue property. Plaintiff alleges that this agreement constituted a conspiracy to deprive her of a vested property right to bottle mineral water on the Lincoln Avenue property and to prevent her from competing with CMW.

Defendants characterize the ninth cause of action as an unfair competition claim and argue that it is substantially related to the tenth cause of action. Under section 1338(b), district courts have original jurisdiction over any claim of unfair competition joined with a substantial and related trademark claim. However, as explained above, the tenth cause of action does not arise under federal trademark law. Therefore, even if the ninth cause of action constitutes a claim of unfair competition, the Court does not have original jurisdiction over it.

Because the requirements of federal question jurisdiction are not satisfied, the Court does not have subject matter jurisdiction to hear this case, and Plaintiff's motion for remand is granted.[4]

## IV. Attorneys' Fees and Costs

Plaintiff seeks an order compelling Defendants to reimburse her for attorneys' fees she incurred in connection with the improper removal. Title 28 U.S.C. § 1444(c) allows the Court to

---

[4] Because the Court remands this action to state court based on a lack of subject matter jurisdiction, it need not address Plaintiff's argument that removal is barred by the lease's choice of law provision.

"require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorneys' fees and expenses are appropriate where a defendant's removal petition lacks any reasonable basis in law or fact. <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). The Court declines to award attorneys' fees and costs incurred in seeking this remand because Defendants' removal petition was not entirely lacking a reasonable basis in law or fact.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion to remand this action to state court and denies Plaintiff's request for attorneys' fees. (Docket No. 7.) The Clerk shall remand the case to the superior court for Napa County.

IT IS SO ORDERED.

Dated: 11/15/2010

CLAUDIA WILKEN
United States District Judge